RENDELL, Circuit Judge,
dissenting, with whom Chief Judge BECKER joins.
I join in Chief Judge Becker’s thoughtful dissenting opinion and write separately only to offer a permissible reading of the statutory language different from that urged by the majority. The majority terms the language “complex” and “breaks it down.” However, I see it as fairly straight-forward — at least regarding what we need to decide — -when properly parsed. If we were to “parse” the statute at issue in grammarian fashion, we would note that the “state plan” is the noun, “must provide,” the verb, and “methods and procedures,” the object. Then comes the descriptive phrase “relating to the utilization of, and payment for, care and services available under the plan.” The methods and procedures must relate to the use of care and services — by individual recipients — and the payment — to providers — fin-care and services.
What then follows in the statute — preceded by “as may be necessary ... ” — is no more than a further descriptive phrase setting forth the barometer or standard against which the utilization and payment methods and procedures are to be measured. Why should only the users be able *561 to challenge a plan that must pass muster not only in terms of the methods and procedures for “utilization,” but also the methods and procedures for “payment?”
I think it eminently reasonable to conclude that both aspects — use and payment — are foci, and that both constituencies can speak to whether the statutory requirement (“as may be necessary to ... ”) has been fulfilled, and both should have the right to complain that in fact it has not.
Also, in response to the majority’s footnote 15, I submit that I am not ignoring the second part of the provision, and I do not view the provision as hopelessly vague. Rather, I see no need to mention it because it sets forth a standard that is quite susceptible to proof. I have little difficulty imagining the gist of the testimony of recipients, providers, and state administrators as to how the procedures in place impact the sufficiency of payment and quality of service, so that judicial decision making can be exercised. I do, however, continue to have difficulty in understanding why there cannot be two intended beneficiaries, especially if the statute is designed to benefit one (the providers) in order to provide the desired level of services to the other (the recipients).
Further, I suggest that the fact that the language post-repeal of Boren continues to reference “rates” is actually quite insignificant. In repealing Boren, Congress replaced the standard for the rates (“reasonable and adequate”) with the requirement that the state provide for a public process for determination of rates. What is significant, however, is the fact that the Boren Amendment language that had been held to afford a cause of action required that rates be “reasonable and adequate,” and the language we are quibbling over similarly describes a standard for payments to providers. I see no meaningful distinction between the two and therefore respectfully dissent.